IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILIP A. DOWNEY,[1]

      Plaintiff,

v.                                       No. 1:25-cv-00487-LF[2]

FCA US LLC,

      Defendant.

## ORDER TO SHOW CAUSE

Plaintiff asserts claims against Defendant pursuant to the Pennsylvania Unfair Trade

Practices Act and Consumer Protection Law and the New Jersey Consumer Fraud Act, and for

unjust enrichment. *See* Complaint, Doc. 1, filed May 23, 2025. Plaintiff also alleges that

"Defendant's authorized automobile dealerships act as Defendant's agents in, *inter alia*,

servicing automobiles under the Alfa Romeo name and disseminating vehicle information

provided by Alfa Romeo to customers." Complaint at 2. Plaintiff states:

> his Alfa Romeo Stelvio's engine [] inexplicably died with less than 60,0000 miles
> on the odometer, and despite having been regularly, and exclusively, serviced, at
> exorbitant costs at authorized Alfa Romeo dealerships. Alfa Romeo could not tell
> Plaintiff why his engine failed and refused to address his concerns that they are
> manufacturing and marketing a vehicle with an engine not engineered and
> designed to last a mere 60,000 miles!

---

[1] The reference to "Plaintiff David Franco" is apparently a typographical error. Complaint at 3,
¶ 7.

[2] The Clerk's Office assigned the undersigned to this case for review pursuant to
28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without
prepayment of the filing fee. *See* Doc. 2, filed May 23, 2025. Plaintiff has paid the filing fee.
The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage
its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx.
550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so
as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S.
Ct. 1885, 1891-92 (2016)).

Complaint at 1.

Plaintiff asserts the Court has diversity jurisdiction over this matter. *See* Complaint at 4. Plaintiff states he is a resident of New Mexico, and that Defendant is a limited liability corporation organized under the laws of the State of Delaware and has its corporate headquarters in the State of Michigan. *See* Complaint at 1-2.

Plaintiff has not shown that the Court has diversity jurisdiction over this matter. Diversity jurisdiction requires that the action is between "citizens of different states." 28 U.S.C. § 1332(a)(1). "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman,* 460 F.2d 507, 514 n. 14 (10th Cir.1972) (holding that "an allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court")).

> We have described the citizenship inquiry as "an all-things-considered approach" in which "any number of factors might shed light on the subject in any given case." [*Middleton v. Stephenson*, 749 F.3d 1197, 1201 (10th Cir. 2014)]. Relevant factors include
>
>> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.
>
> *Id.* (internal quotation marks omitted). Although a person's "place of residence is *prima facie* the domicile," *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), something more than residence in a state is required to show the intent to remain in the state, *see Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship.'").

*Lax v. APP of New Mexico ED, PLLC*, 2022 WL 2711230, *3-4 (10th Cir.).  Plaintiff has not established that he is a citizen of New Mexico.

Defendant is a limited liability company.  A limited liability company is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members") (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  The Complaint does not allege the citizenship of Defendant's members.

Furthermore, it appears the District of New Mexico is not the proper venue for this action.  Plaintiff states "[v]enue is appropriate in this court as the defendants regularly and purposefully conduct business in this judicial district."  Complaint at 3.  The statute governing venue in general states:

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a) (emphasis added).

Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

There are no allegations showing that Defendants reside in New Mexico or that the acts and omissions giving rise to Plaintiff's claims occurred in New Mexico. Plaintiff purchased and regularly serviced his vehicle in Pennsylvania until June 2018 when he moved to New Jersey and all subsequent service and repairs were performed in New Jersey. *See* Complaint at 7, ¶¶ 22-23. The engine in Plaintiff's vehicle failed in New Jersey and a dealership in New Jersey determined that the engine was incapable of being repaired. *See* Complaint at 8, ¶¶ 30-31.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. The Court also orders Plaintiff to show cause why the Court should not dismiss this case for improper venue or that it is in the interest of justice to transfer this case to another district. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint that contains allegations showing that the Court has jurisdiction over this matter and that the District of New Mexico is the proper venue or that it is in the interest of justice to transfer this case to another district in which it could have been brought. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the

*Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss or transfer this case; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

Laura Fashing
United States Magistrate Judge